IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:12CR39-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>GARY D. MARTIN, )<br>        Defendant. )<br>) | **ORDER ON DISBURSEMENT<br>OF RESTITUTION**<br><br><u>**UNDER SEAL**</u> |

**THIS MATTER** is before the Court at the request of the Clerk of Court for an Order[1] governing disbursement of $673,032.08 in restitution that the Clerk anticipates that the Government will pay to the Clerk from the last remaining properties that have been forfeited and liquidated in *United States v. Sidney S. Hanson* (3:09CR139), the related case to this case against Gary D. Martin. Specifically, the Clerk requests this Order governing disbursement so that all victims are paid an approximately equivalent pro rata share of all forfeited properties.

Based on information on the record in this case and the *Hanson* case, and based on information about restitution provided by the Clerk of Court, **THIS COURT FINDS AS FOLLOWS:**

In the *Hanson* case, this Court ordered forfeited funds, precious metals, and real properties worth millions of dollars. This Court also ordered Hanson to pay $31,614,357.15 in restitution to hundreds of victims.

In this case, this Court ordered Gary Martin to pay $32,497,356.17 in restitution to hundreds of victims. The Martin restitution order was almost identical to the *Hanson* restitution

---

1 This Order is filed under seal to protect the identities of the victims identified by name herein.

to Amend at Doc. 21 for further explanation).

The Department of Justice ultimately liquidated all forfeited properties in the *Hanson* case and, pursuant to its restoration authority set forth in 21 U.S.C. § 853(i), "restored" approximately $735,454.64 to the Clerk of Court in the *Hanson* case, at which point all such funds were distributed to the victims identified in the *Hanson* case.[2] Further, pursuant to Order (Doc. 74) of this Court, the Clerk of Court distributed additional funds in the amount of approximately $8,445,586.26 that had been accepted by the Clerk as prejudgment restitution payments. The $8,445,586.26 in payments were derived from Securities and Exchange Commission receivership proceedings in Texas involving a receiver for Gemstar and from Commodity and Futures Trading Commission proceedings involving Queen Shoals whereby CFTC restrained money that Hanson had transferred from Canada to Florida during his flight from prosecution. However, as noted above, some victims were not accounted for at all in the *Hanson* case and thus did not receive any distribution of funds through the *Hanson* case, and other victims' losses were not fully accounted for in that case, so they did not receive sufficient pro rata distributions.

Following sentencing in this case, the Department of Justice restored an additional $3,966,793.77 in forfeited funds to the Clerk of Court to pay to the more complete and accurate list of victims in this case. However, the distributions based on the more complete list of victims and losses in this case still did not result in payments sufficient to "catch-up" those victims omitted from or not fully accounted for in *Hanson*.

Therefore, the Clerk has brought to the attention of the Court, and the Court now orders, the payments that must be made from the $673,032.08 in remaining forfeited funds distributed to the Clerk of Court to ensure appropriate pro rata distribution of all forfeited and restored property

---

2 The Department of Justice has discretion to "restore" forfeited property to the Clerk of Court to pay victims identified in restitution orders, and elected to do so in this case.

to all victims in this case so that all victims, including those victims omitted from or not fully accounted for in *Hanson*, receive an approximately equivalent pro rata share of forfeited and restored property as compared to other victims.

**IT IS, THEREFORE, ORDERED** that, upon receipt of the remaining $673,032.08 in restored funds from the Department of Justice, the Clerk of Court shall make the following distributions.

- First, the Clerk shall make the following distributions from restored funds so as to ensure that victims who have not received an accurate pro rata share of restored forfeited property receive a share of repayment for loss equivalent to the share of repayment already received by other victims:
  - The Clerk shall pay $8,872.06 to Lillian Marion;
  - The Clerk shall pay $12,339.23 to William and Elizabeth Manning;
  - The Clerk shall pay $1,851.75 to Eric Leonard; and
  - The Clerk shall pay $6,422.57 to Byron Norrod.
- Then, the Clerk shall, through the normal processes of the Clerk's electronic accounting and distribution system on pro rata distribution, make pro rata distributions of any remaining funds to all victims identified in the restitution order in this case.

SO ORDERED, this 17th day of December 2013.

Robert J. Conrad, Jr.
U.S. District Judge